FILED

2018 Sep-18  PM 03:24
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **JESSIE TIDWELL and** | ) | |
| **ROBERT ARCHARD,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **Case No._____** |
| **I.Q. DATA INTERNATIONAL, INC.** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

Plaintiffs, Jessie Tidwell and Robert Archard, by and through undersigned counsel, bring the following Complaint against Defendant and state as follows:

### PRELIMINARY STATEMENT

Plaintiffs bring this action for actual, statutory and punitive damages, costs, and attorneys' fees pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, against Defendant, I.Q. Data International, Inc.  Plaintiffs also bring a separate claim for invasion of privacy by intrusion upon seclusion under Alabama state law against Defendant, I.Q. Data International, Inc.

### JURISDICTION AND VENUE

1. Plaintiffs invoke the jurisdiction of this Court pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1332 as the amount in controversy exceeds $75,000 among diverse parties.  Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b).

1

2.      Jurisdiction over Plaintiffs' claims under Alabama law is based on the doctrine of supplemental jurisdiction in accordance with 28 U.S.C. § 1367.

3.      Subject matter jurisdiction exists pursuant to federal question jurisdiction, 28 U.S.C. § 1331, and diversity jurisdiction, 28 U.S.C. § 1332, as the amount in controversy exceeds $75,000 among diverse parties.

4.      Venue is proper because Plaintiffs live in Birmingham, Jefferson County, Alabama, which is in the Northern District of Alabama, and because Defendant does business in the Northern District of Alabama.  The alleged conduct and actions were committed in the Northern District of Alabama.

## PARTIES

5.      Plaintiff Jessie Tidwell is an adult male citizen over the age of nineteen years who resides in Birmingham, Alabama.

6.      Plaintiff Robert Archard is an adult male citizen over the age of nineteen years who resides in Birmingham, Alabama.

7.      Plaintiffs are "consumer[s]" as that term is defined by 15 U.S.C. § 1692a(3) or a person affected by a violation of that law.

8.      Defendant IQ Data International, Inc. is a corporation formed in the state of Washington with its principal place of business in Washington, and doing business in the state of Alabama.

9.      As part of its business IQ Data International, Inc. operates as a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## STATEMENT OF FACTS

10.     On or about June 20, 2018, Plaintiffs moved out of their shared apartment at Ridge Crossings Apartments.

11.     Later that month, Plaintiffs incurred a financial obligation that was primarily for personal, family or household purposes, that went into default for late payment, and is therefore a "debt" under 15 U.S.C. § 1692a(5), namely, the final utilities bill and a carpet damage fee from their shared apartment at Ridge Crossings Apartments ("the debt") in the approximate amount of $1,129.31.

12.     On or about June 27, 2018 Plaintiffs received a "Statement of Deposit Accounting Letter to Former Resident" from Steadfast Management Company, Inc. indicating the $1,129.31 balance was due.

13.     Sometime thereafter, Plaintiffs' debt was consigned, placed or otherwise transferred to Defendant for collection from Plaintiffs.

14.     On or about July 13, 2018 Plaintiff Jessie Tidwell received a collection letter from Defendant in attempt to collect this debt, referenced as Account #0008375319.

15.     Plaintiffs immediately called Defendant on July 14, 2018 after receipt of the July 13, 2018 letter.

16.     During the July 14, 2018 phone call, Plaintiffs acknowledged the $1,129.31 fee was due and owing, and therefore worked out an arrangement with Defendant's agent or representative where Plaintiffs would pay off the debt in two payments by September 4, 2018.  Defendant's agent or representative assured Plaintiffs that the debt was in pre-collections and that the payment plan would ensure the debt would not go to collections and no interest would accrue.

17.     Thereafter, on or about August 7, 2018, Plaintiff Robert Archard received a collection letter from Defendant in attempt to collect this debt, with added interest in the amount of $8.91, referenced as Account #0008375319.

18.     Beginning that same day, Defendant placed 6 collection calls to Plaintiffs demanding payment for the debt.

19.     Plaintiffs' dinner on August 7, 2018 was repeatedly interrupted by Defendant's back to back phone calls around 7 p.m.

20.     Plaintiff Robert Archard answered Defendant's second phone call around 7:08 p.m. on August 7, 2018 only to be harassed by Defendant's agent or representative.  Jessie Tidwell took the phone from Robert Archard and was continue to be harassed by Defendant's agent or representative and thereafter the agent or representative's manager.

21.     Plaintiffs explained they were willing to make payment and had discussed a payment plan that was due on September 4, 2018.

22.     However, Defendant's agent or representative raised her voice and demanded payment now.

23.     Despite Defendant's agent or representative demand that they put a card down now, Plaintiffs stated they would call back to make payment.

24.     After Defendant's agent or representative's manager got on the phone, he stated that he would mark it as a "refusal to pay" if he did not receive immediate payment because people never call back.

25.     Defendant's agent or representative's manager threatened accrued interest would continue to add up if Plaintiffs did not make payment now and stated this refusal to pay would negatively impact their credit even though Plaintiffs had initially agreed to a payment plan.

26.     The manager further prodded Plaintiffs and asked if they wanted their credit to be completely ruined.

4

27.     Plaintiffs received a total of twenty-five phone calls before making payment in full on August 27, 2018, over a week before payment was due per Defendant's own agreed upon initial payment plan.

28.     These collection calls were an illegal third-party attempt to collect a debt in violation of the FDCPA, including but not limited to 15 U.SC. §§ 1692d(2), 1692d(5), and 1692e(10).

29.     This hostile and threatening conduct created substantial and legally unjustifiable fear and concern, anxiety, and emotional distress for Plaintiffs in violation of state and federal law.

## CAUSES OF ACTION

### COUNT ONE
### VIOLATIONS OF THE FAIR DEBT COLLECTION
### PRACTICES ACT, 15 U.S.C. § 1692 *et seq.*

30.     Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

31.     The foregoing acts and omissions of Defendant and its agents constitute numerous violations of the FDCPA including, but not limited to, each and every one of the above cited provisions of the FDCPA, 15 U.S.C. § 1692 *et seq.*, with respect to Plaintiffs.

32.     As a direct and proximate result of Defendant's violations of the FDCPA, Plaintiffs have suffered compensable injury as set out above and is entitled to damages.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs claim damages against Defendant in actual, statutory, and compensatory damages, plus interests, costs, reasonable attorney's fees and any such other further relief as this Court deems proper and/or necessary pursuant to 15 U.S.C. § 1692k.

## COUNT TWO
## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

33.     Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

34.     Congress explicitly recognized a consumer's inherent right to privacy in collection matters when passing the Fair Debt Collection Practices Act, when stating in its findings that: "**Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy**."  15 U.S.C. § 1692(a) (emphasis added).

35.     Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leach Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors albeit without a private right of action when stating as part of its purposes that "It is the policy of the Congress that **each financial institution has an affirmative and continuing obligation to respect the privacy of its customers** and to protect the security and confidentiality of those customers' nonpublic personal information."  15 U.S.C. § 6801(a) (emphasis added).

36.     Defendant and/or its agents intentionally and/or negligently interfered with the solitude, seclusion and/or private concerns or affairs of Plaintiffs, namely, by repeatedly and unlawfully attempting to collect the debt, and thereby invading Plaintiffs' privacy.

37.     Defendant and its agents intentionally and/or negligently caused emotional distress to Plaintiffs by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon Plaintiffs' right to privacy.

38.     Plaintiffs had a reasonable expectation of privacy in Plaintiffs' solitude, seclusion, private concerns, or affairs.

39.     The conduct of Defendant and its agents, in engaging in this illegal collection conduct against Plaintiffs, resulted in multiple intrusions and invasions of privacy by Defendant which occurred in a way that would be highly offensive to a reasonable person in that position.

40.     As a direct and proximate result of Defendant's intrusions and invasions of privacy, Plaintiffs has endured mental suffering and humiliation.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs claim damages against Defendant in actual, compensatory, and punitive damages and is entitled to any relief available under the law, or any such other relief as this Court deems proper.

## PLAINTIFFS DEMAND A TRIAL BY STRUCK JURY ON ALL COUNTS.

Dated this 18th day of September, 2018.

Respectfully Submitted,

/s/ J. Matthew Stephens
J. Matthew Stephens (ASB-3788-E66S)
Brooke B. Rebarchak (ASB-6522-S69V)
*Attorneys for Plaintiff*

OF COUNSEL:

METHVIN, TERRELL, YANCEY,
STEPHENS & MILLER, P.C.
2201 Arlington Avenue South
Birmingham, Alabama 35205
Telephone: (205) 939-0199
Facsimile: (334) 939-0399
mstephens@mmlaw.net
brebarchak@mmlaw.net

**<u>DEFENDANT TO BE SERVED BY CERTIFIED MAIL</u>:**

**I.Q. DATA INTERNATIONAL, INC.**
c/o Corporation Service Company Inc.
641 South Lawrence Street
Montgomery, AL 36104